**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GAJANAN M. ALTIDOR, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-1901 |
| | ) |
| DONNA JO McDANIEL, Commonwealth | ) Judge Mark Hornak/ |
| Of Pennsylvania Judge; JACLYN RAE | ) Magistrate Judge Maureen P. Kelly |
| KEARNEY, Esq., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to prosecute.

### II. REPORT

At the time Gajanan Altidor ("Plaintiff") initiated this civil rights action, he was incarcerated in the Allegheny County Jail ("ACJ"). Plaintiff, proceeding *pro se*, sued both the state court judge who presided over his state court criminal proceedings and the attorney who represented him in those proceedings. Plaintiff alleged that the judge and his attorney violated his constitutional rights and state law. ECF No. 1-1.

Plaintiff filed an incomplete Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). Accompanying that IFP Motion was a pre-printed Consent Form utilized by the Clerk's Office for prisoners to indicate whether they want to consent to have a Magistrate Judge exercise plenary jurisdiction or whether they desire to have a District Judge do so. Plaintiff filled out the Consent Form incorrectly. As a result, on January 25, 2013, the Court issued an

order directing Plaintiff to correct this deficiency (the "Deficiency Order"). ECF No. 2. The Deficiency Order gave Plaintiff until February 8, 2013 to correct the deficiency. On February 1, 2013, the Court issued an order denying Plaintiff's IFP Motion (the "IFP Order") without prejudice to file an amended IFP Motion that was complete. ECF No. 3. Plaintiff was given until February 28, 2013, to file his Amended IFP Motion. On February 20, 2013, the Deficiency Order was returned to the Court as undeliverable, apparently because Plaintiff was no longer at the ACJ. ECF No. 4. On February 25, 2013, the IFP Order was returned to the Court with a notation on the envelope "not here RTS." ECF No. 5.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered:

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the United States Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to respond to the orders in question and/or to keep the Court informed of his current address is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures to respond to orders of this Court.

(3) A history of dilatoriness.

Plaintiff's failure to keep the Court informed of his current address is sufficient evidence, in this Court's view, to indicate that he does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure to keep the Court informed of his current address was the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders and has not kept the Court informed of his current address. It is not clear that any sanction other than dismissal will properly redress Plaintiff's conduct.

(6) Meritoriousness of Plaintiff's case.

Plaintiff's federal claims are clearly not meritorious. State court judges enjoy absolute judicial immunity for actions taken in their judicial capacity, which is exactly what Plaintiff seeks to sue the state court judge for. Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Defense attorneys do not act under color of state law and therefore, any claims against such defense attorneys fail to state a civil rights claim as matter of law. Polk County v. Dodson, 454 U.S. 312 (1981); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir.1980); Scruggs v. McQuillan, Civ.A. No. 07–1514, 2008 WL 465378 (W.D.Pa., Feb. 20, 2008). Plaintiff's federal claims appear to lack any merit.

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: March 6, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark Hornak
United States District Judge

GAJANAN M. ALTIDOR
69042
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219